# RUTKIN & WOLF PLLC

| BRONX OFFICE | RUTKINWOLF.COM | WESTCHESTER OFFICE |
|---|---|---|
| 910 GRAND CONCOURSE | FAX: (866) 702-4596 | 203 E POST ROAD |
| SUITE 1F | | WHITE PLAINS, NY 10601 |
| BRONX, NY 10451 | | (914) 358-5333 |
| (718) 410-0653 | | |

August 11, 2022

> The parties shall appear for a telephonic conference on Monday August 15, 2022, at 11:00 a.m. using the following information: Dial in (877) 402-9753; access code 6545179.
>
> SO ORDERED.
>
> *Loretta A. Preska*
> 8/11/2022

**VIA ECF**

The Honorable Loretta A. Preska
United States District Judge
United States District Couirt, Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

Re: JTH TAX LLC, et al v. Cybulski, et al
Case No. 21-cv-04716 (LAP)

Dear Judge Preska,

  This office represents the defendants in the above referenced action and submits this letter in response to Plaintiff's August 5, 2022 seeking a Pre-Motion Conference.

  As the Court is aware, this action alleges that the defendant Cybulski breached a franchise agreement signed between the parties by preparing tax returns for individuals within a 25 mile radius of the location of his former Liberty franchise territory within the two year non-compete period. On May 15, 2022, Plaintiff served expedited document requests and Interrogatories, which defendant responded to on June 20, 2022 and June 24, 2022 respectively.

  `With respect to the document requests, communications between Cybulski and software and financial services programs (Document and Interrogatory Requests No, 1 and 2) would not shed light on whether Cybulski charged a fee for returns filed within 25 miles of his former Liberty franchise. These documents would also not provide information as to where Cybulski met with clients. As such, these requests are overbroad, burdensome, and most importantly irrelevant.

  Document and Interrogatory Requests No. 3 and 4 does relate to the claims of this lawsuit but without an appropriate confidentiality agreement which has language whereby Plaintiff agrees not to contact these individuals Defendant cannot comply. Defendant receives referrals from clients as a main source of his business and if individuals are contacted (regardless of

whether they paid a fee or not), Cybulski's business will suffer because quite frankly no one wants their tax returns and private information to be a matter of public record.

Document and Interrogatory Request No.5 does not relate to the claims in this lawsuit as clearly bank statements would not demonstrate whether these funds were remitted to Cybulski within the 25 mile non-compete area and thus are overbroad, and completely irrelevant.

Respectfully submitted,

s/ Jason M. Wolf

Jason M. Wolf
jason@rutkinwolf.com